## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JULIE BLANCHARD, on behalf of herself all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| MEDICAL AND PROFESSIONAL COLLECTION SERVICES, INC., | ) ) ) |
| Defendant. | ) |

### COMPLAINT – CLASS ACTION

### INTRODUCTION

1.      Plaintiff Julie Blanchard brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Medical and Professional Collection Services, Inc. Collection Solutions, Inc. ("MPCS"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA"), and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C.A. § 1692(a).

4.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes

1

the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct" and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5.  The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6.  Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

7.  The ICAA reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

8.  The ICFA prohibits unfair or deceptive acts or practices in the conduct of trade or commerce.

**VENUE AND JURISDICTION**

9.  This Court has jurisdiction under 15 U.S.C. § 1692k (FDCPA), 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. § 1367.

10. Venue and personal jurisdiction in this Judicial district are proper because:

    a.      Defendant's collection communications and activities impacted plaintiff within this District;

    b.      Defendant sought to collect from plaintiff, located in this District;

    c.      Defendant does or transacts business within this District.

## PARTIES

11.      Plaintiff is a resident of Olmstead, Pulaski County, Illinois.

12.      Defendant MPCS is a corporation chartered under the law of Indiana with its principal office at 5055 Newburgh Plaza, Newburgh, IN 47630. It does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

13.      At all relevant times, MPCS was engaged in the primary business of collection of purportedly delinquent accounts for third parties.

14.      MPCS states on its web site (http://www.mpcscollect.com/), "MPCS, serving Evansville, Newburgh, Owensboro, Henderson, Vincennes, Southwest Indiana, Kentucky and Illinois, is a full-service, privately owned and operated accounts receivable firm with the experience and expertise to provide your business with cost-effective accounts management solutions. We operate on a contingency fee basis. . . . MPCS offers a full range of accounts receivable management services."

15.      MPCS uses the mails and telephone system in conducting its business.

16.      At all relevant times, MPCS was and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA.

17.      At all relevant times, MPCS was a licensed debt collection agency with the Illinois Department of Financial and Professional Regulation.

18. MPCS routinely attempts to collect debts and/or delinquent accounts in the Southern District of Illinois.

## FACTS

19. Defendant has been attempting to collect a medical debt from plaintiff.

20. On April 20, 2017, defendant sent plaintiff the collection letter attached as Exhibit A, seeking to collect $33.48.

21. In June 2017, plaintiff paid the debt, by accessing defendant's web site and inputting information allowing defendant to create a remote check. The relevant screen on the web site is attached as Exhibit B and the remote check as Exhibit C.

22. Plaintiff was required to and did pay a $2 convenience fee.

23. On information and belief, this fee is not provided for by an agreement with the original creditor or any other creditor creating the debt, and is not authorized to be charged by law in the absence of an agreement.

24. On the information and belief, Defendant does not, as a matter of policy, check the original debt contract to confirm that the fee is authorized before imposing the fee.

25. On information and belief such a charge is rarely imposed by the original creditors.

26. The ICAA, 225 ILCS 425/9(a)(33), makes unlawful "Collecting or attempting to collect any interest or other charge or fee in excess of the actual debt or claim unless such interest or other charge or fee is expressly authorized by the agreement creating the debt or claim unless expressly authorized by law or unless in a commercial transaction such interest or other charge or fee is expressly authorized in a subsequent agreement...."

27. On information and belief, there is no agreement authorizing such a charge.

28. The convenience fee therefore may never be charged under Illinois law.

## CLASS ALLEGATIONS

29. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

30. The class consists of (a) all individuals with addresses in Illinois (b) who paid a "convenience fee" to defendant (c) on or after a date one year (Count I), three years (Count III), or five years (Count II) prior to the filing of this action.

31. On information and belief, based on the use of a computerized process to charge the fee, the class is so numerous that joinder of all members is not practicable.

32. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendant engages in a practice of charging convenience fees, whether such fees are prohibited by Illinois law, and whether the charging of such fees violates the FDCPA, the ICAA or ICFA.

33. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

34. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

35. A class action is superior for the fair and efficient adjudication of this matter, in that:

   a. Individual actions are not economically feasible.

   b. Members of the class are likely to be unaware of their rights;

  c.  Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

## COUNT I – FDCPA

36. Plaintiff incorporates paragraphs 1-35.

37. Defendant MPCS violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692f, and 1692f(1) by (a) charging a convenience fee, (b) when no such fee may be charged in Illinois, and (c) representing expressly or by implication that such fees could lawfully be charged.

38. Section 1692e provides:

**§ 1692e. False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: …**

**(2) The false representation of–**

  **(A) the character, amount, or legal status of any debt; or**

  **(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt....**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer....**

39. Section 1692f provides:

**§ 1692f. Unfair practices [Section 808 of P.L.]**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law....**

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

    i.    Statutory damages;

    ii.    Actual damages;

    iii.    Attorney's fees, litigation expenses and costs of suit;

    iv.    Such other and further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

40.    Plaintiff incorporates paragraphs 1-35.

41.    MPCS is a "collection agency" as defined in the ICAA, 225 ILCS 425/1 et seq.

42.    MPCS violated 225 ILCS 425/9(a)(33), quoted above.

*43.*    A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic,* 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and the class and against defendant:

    i.    Compensatory and punitive damages;

    ii.    Costs.

    iii.    Such other and further relief as is appropriate.

## COUNT III – ILLINOIS CONSUMER FRAUD ACT

44.    Plaintiff incorporates paragraphs 1-35.

45.    Defendant engaged in unfair acts and practices by charging convenience fees prohibited by the ICAA and contrary to the public policy of Illinois.

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and the class and against defendant:

      i.       Compensatory and punitive damages;

      ii.      Attorney's fees, litigation expenses and costs.

      iii.     Such other and further relief as is appropriate.

<u>s/Daniel A. Edelman</u>
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

Scott Hendricks
ALLEMAN LAW FIRM P.C.
310 East Main Street
Carbondale, Illinois 62901
(618) 319-4408

T:\34564\Pleading\Complaint_Pleading.WPD

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                              s/Daniel A. Edelman
                                              Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## DOCUMENT PRESERVATION DEMAND

Plaintiffs hereby demand that defendant take affirmative steps to preserve all recordings, computer records, data, documents, and all other tangible things that relate to plaintiffs, the use of defendant's payment website, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiffs demand that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/Daniel A. Edelman
Daniel A. Edelman