IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JULIE BLANCHARD, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) Case No. 3:17-CV-01309-SMY-GCS |
| vs. | ) ) ) |
| MEDICAL AND PROFESSIONAL COLLECTION SERVICES, INC., | ) ) ) |
| Defendant. | ) |

## JOINT MOTION FOR PRELIMINARY APPROVAL

Plaintiff, Julie Blanchard ("Blanchard" or "Plaintiff"), individually, and on behalf of the class of persons defined below in Paragraph 5(a) ("Class"), and Defendant, Medical and Professional Collection Services, Inc. ("MPCS" or "Defendant"), request that this Court enter an order which: (i) preliminarily certifies a class for settlement purposes; (ii) preliminarily approves the Class Settlement Agreement ("Agreement") attached as Appendix A; (iii) sets dates for Class Members to opt out and object, (iv) appoints Julie Blanchard as Class Representative and Edelman, Combs, Latturner & Goodwin, LLC as class counsel; (v) schedules a hearing for final approval of the Agreement; (vi) approves the mailing of notice to the Class in the form of Exhibit 1 to Appendix A, and (vii) finds that the mailing of such notice satisfies due process and Fed. R. Civ. P. 23. A copy of the proposed preliminary approval order is attached as Exhibit 2 to Appendix A.

1. Blanchard, individually and on behalf of a class, filed a lawsuit in the United States District Court for the Southern District of Illinois, entitled *Julie Blanchard, on behalf of herself and all others similarly situated v. Medical and Professional Collection Services Inc.,* Case No. 3:17-cv-01309-DRH-DGW ("the Litigation").

1

2. Plaintiff alleged that: Defendant engaged in unfair and misleading acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692f, and 1692f(1), as well as the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA"), and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), by charging an allegedly unlawful convenience fee.

3. After arms-length discussion, the Parties reached a settlement to resolve the Litigation. Defendant denies violating the FDCPA, ICAA, and ICFA and denies all liability to Plaintiff and the Class. Defendant wishes to settle Plaintiff's claims solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims that have been or could have been asserted by Plaintiff and the Class against Defendant. Counsel for the Parties have analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs and possible outcomes of one or more procedural and substantive appeals.

4. Based upon counsel's review and analysis, the Parties have entered into the Agreement to settle and compromise the Litigation on the terms and conditions embodied in the Agreement.

5. The Parties agreed to a settlement that includes the following terms:

   a. <u>Class</u>. A class will be certified for settlement purposes only defined as:

   (a) all individuals with addresses in Illinois (b) who paid a "convenience fee" to Defendant (c) between December 5, 2014 through June 25, 2018.

   There are 88 persons in the Class.

   b. <u>Settlement Fund</u>. Defendant shall create a Settlement Fund in the amount of $17,000.00. The Settlement Fund will be apportioned as follows:

    i. <u>Relief to Plaintiff</u>. Plaintiff will be paid $1,000.00 for her statutory damages and as an incentive award for her services to the Class. Plaintiff will also receive a recovery as a Class Member;

    ii. <u>Class Recovery</u>. A total of $4,416.00, which will be distributed to those Class Members whose class notice was not returned as undeliverable and who do not opt out. Of the $4,416.00: (a) $546 will be refunded to all Class Members based upon the amount of convenience fee paid to defendant during the class period; (b) $3,870.00 will be distributed on a *pro rata* basis to all Class Members.

    iii. Any uncashed checks will be distributed to one or more *cy pres* recipients, selected by the parties, subject to Court approval.

    iv. <u>Attorneys' Fees and Costs</u>. Counsel for Plaintiff and the Class shall petition the Court for approval of attorneys' fees and costs not to exceed $11,584.00. Defendant shall pay counsel for Plaintiff and the Class that amount which the Court deems reasonable not to exceed $11,584.00. Class counsel will file a fee petition thirty-five (35) days after entry of the Preliminary Approval Order.[1]

    v. <u>Administration Costs</u>. Defendant and Plaintiff will split the costs of notice and administration of the Settlement, separate and distinct from the Settlement Fund.

6. <u>Class Notice</u>. Within 35 days of entry of the Preliminary Approval Order, the settlement administrator shall cause actual notice, in the form of <u>Exhibit 1</u>, to be sent to the last known addresses of the Class Members, according to Defendant's records. Defendant, through the settlement administrator, shall distribute the notice via any form of First Class U.S. Mail providing address forwarding. Each notice shall be sent with a request for forwarding addresses. If a notice is returned as undeliverable and a forwarding address is provided, the settlement administrator shall cause to be forwarded any such returned notice to the address provided within seven days of receipt. Before mailing the notice required by this paragraph, the settlement administrator will obtain updated addresses for the Settlement Class Members through the National Change of Address ("NCOA") database.

---

[1] Class counsel intend to pay a referral fee of at least 15% the fees awarded to the Alleman Law Firm, P.C. and Scott Hendricks, Esq. Class Counsel are informing the Court of this arrangement for disclosure purposes only.

303091524v1 1004949

7. The FDCPA caps a class's recovery for statutory damages at the lesser of 1% of the debt collector's net worth or $500,000. 15 U.S.C. §1692k(a)(B). One percent of defendant's net worth is less than the $4,416.00 Class Recovery. Based upon the financial information Defendant provided to Plaintiff's counsel and the nature of the claims alleged, the parties believe that the Agreement is fair and reasonable, would be in the best interest of the Class, and should be approved by the Court.

Defendant disputes that any payments made by Class Members constitute actual damages or were caused by the alleged FDCPA violation at issue. Plaintiff contends that the fee was not provided for by an agreement with the original creditor or any other creditor, and is otherwise not authorized by law in the absence of an agreement. While the parties dispute the merits, continued litigation would not likely result in a greater recovery for the class as they are all receiving a refund of the convenience fees collected.

Each class member who does not opt out will receive a *pro rata* share of $3,870.00. In addition, Class Members shall receive a refund of the convenience fee they paid as a share of $546.

8. Federal Rule of Civil Procedure 23(a) makes class certification appropriate in cases where:  where:

> **(1) The class is so numerous that joinder of all members is impracticable,**
>
> **(2) There are questions of fact or law common to the class,**
>
> **(3) The claims or defenses of the representative parties are typical of the claims defenses of the class, and**
>
> **(4) The representative parties will fairly and adequately protect the interest of the class.**

Further, Federal Rule of Civil Procedure 23(b)(3) provides that a class action is maintainable if the above prerequisites have been met and:

303091524v1 1004949

> **the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.**

As demonstrated below, each of the requirements for certification of the Settlement Class is met.

      a.    Rule 23(a)(1) – Numerosity.  Fed. R. Civ. P. 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." The numerosity requirement is satisfied if it is reasonable to conclude that the number of members of the proposed class is greater than the minimum number required for class certification, which is about 10-40.  *Kulins v. Malco*, 121 Ill. App. 3d 520, 530, 459 N.E.2d 1038 (1st Dist. 1984) (19 and 47 sufficient); *Swanson v. American Consumer Industries*, 415 F.2d 1326, 1333 (7th Cir. 1969) (40 class members sufficient); *Cypress v. Newport News General & Nonsectarian Hosp. Ass'n*, 375 F.2d 648, 653 (4th Cir. 1967) (18 sufficient); *Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D. Ill. 1986) (10-29 sufficient); *Sala v. National R. Pass. Corp.*, 120 F.R.D. 494, 497 (E.D. Pa. 1988) (40-50 sufficient); *Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181, 184 (N.D. Ill. 1992) (72 class members).

In the present case, Defendant has represented that, based on a review of their records, there are 88 persons in the Class.  This plainly satisfies the numerosity requirement.

      b.    <u>Rule 23(a)(2) -- Commonality; and Rule 23(b)(3)- Common Questions of Law or Fact Predominate</u>.  Fed. R. Civ. P. 23(a)(2) requires that there be a common question of law <u>or</u> fact.  Rule 23(b)(3) requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members. The commonality requirement is satisfied if there are common questions linking the class members that are substantially related to the outcome of the litigation.  *Blackie v. Barrack*, 524 F.2d 891, 910 (9th Cir. 1975).  Common questions predominate if classwide adjudication of the common issues will significantly advance

5

the adjudication of the merits of all class members' claims. *McClendon v. Continental Group, Inc.*, 113 F.R.D. 39, 43-44 (D.N.J. 1986); *Genden v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 114 F.R.D. 48, 52 (S.D.N.Y. 1987); *Spicer v. Chicago Board Options Exchange*, CCH Fed.Sec.L.Rptr. [1989-90 Transfer Binder] ¶94,943, at p. 95,254 (N.D. Ill. 1990); *Alexander Grant & Co. v. McAlister*, 116 F.R.D. 583, 590 (S.D. Ohio 1987). Where a case involves "standardized conduct of the defendants toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement . . . is usually met." *Franklin v. City of Chicago*, 102 F.R.D. 944, 949 (N.D.Ill. 1984); *Patrykus v. Gomilla*, 121 F.R.D. 357, 361 (N.D. Ill. 1988).

Here, there are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

>   (1)   Whether Defendant's engaged in a practice of charging convenience fees;
>
>   (2)   Whether Defendant's charging of convenience fees is prohibited by Illinois law;
>
>   (3)   Whether Defendant's charging of convenience fees violates the FDCPA;
>
>   (4)   Whether Defendant's charging of convenience fees violates the ICAA;
>
>   (5)   Whether Defendant's charging of convenience violates the ICFA.

The Settlement Class is defined in terms of all individuals with addresses in Illinois who paid a convenience fee to defendant between December 5, 2014 through June 25, 2018.

    c.    <u>Rule 23(a)(3) – Typicality</u>.  Rule 23 requires that the claims of the named Plaintiff be typical of the claims of the class:

> A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory. The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in

the face of differences of fact.

*De La Fuente v. Stokely Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) (citation omitted).

In the instant case, typicality is inherent in the class definition. By definition, each of the class members has been subjected to the same practice as the named Plaintiff, namely they are individuals with addresses in Illinois who paid a convenience fee to defendant between December 5, 2014 through June 25, 2018.

        d.      <u>Rule 23(a)(4) -- Adequacy of Representation</u>. The adequacy of representation requirement involves two factors: (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) the plaintiff must not have interests antagonistic to those of the class. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992).

Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Counsel's qualifications are set forth in <u>Appendix B</u>. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

        e.      <u>Rule 23(b)(3) -- Class Action Is Superior to Other Available Methods of Resolving This Controversy</u>. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims is small because generally the class members are unaware of their rights and have damages such that it is not feasible for them to bring individual actions. "[O]ne of the primary functions of the class suit is to provide a device for vindicating claims which, taken individually, are too small to justify legal action but which are of significant size if taken as a group." *Brady v. LAC, Inc.*, 72 F.R.D. 22, 28 (S.D.N.Y. 1976).

The special efficacy of the consumer class action has been noted by the courts and is applicable to this case:

> **A class action permits a large group of claimants to have their claims adjudicated in a single lawsuit. This is particularly important where, as here, a large number of small and medium sized claimants may be involved. In light of the awesome costs of discovery and trial, many of them would not be able to secure relief if class certification were denied . . . .**

<u>In re Folding Carton Antitrust Litigation</u>, 75 F.R.D. 727, 732 (N.D. Ill. 1977) (citations omitted).

Another court has noted:

> **Given the relatively small amount recoverable by each potential litigant, it is unlikely that, absent the class action mechanism, any one individual would pursue his claim, or even be able to retain an attorney willing to bring the action. As Professors Wright, Miller, and Kane have discussed in analyzing consumer protection class actions such as the instant one, 'typically the individual claims are for small amounts, which means that the injured parties would not be able to bear the significant litigation expenses involved in suing a large corporation on an individual basis. These financial barriers may be overcome by permitting the suit to be brought by one or more consumers on behalf of others who are similarly situated.' 7B Wright et al., §1778, at 59; see, e.g., <u>Phillips Petroleum Co. v. Shutts</u>, 472 U.S. 797, 809 (1985) ('Class actions . . . may permit the plaintiffs to pool claims which would be uneconomical to litigate individually.'). The public interest in seeing that the rights of consumers are vindicated favors the disposition of the instant claims in a class action form.**

<u>Lake v. First Nationwide Bank</u>, 156 F.R.D. 615, 625 (E.D. Pa. 1994).

9. As set forth above, there are 88 Class Members. Assuming that all class notices are delivered and no Class Member opts out, each Class Member is expected to recover $43.97, plus a refund of the convenience fee paid (ranging from $2.00 to $94.00).

Prior to entering into the Settlement Agreement, plaintiff's counsel examined Defendant's financial statements and insurance policies. Plaintiff's counsel considered this information in arriving at a settlement amount that would compensate the class considering defendant's financial condition. Because defendant's ability to pay was a significant factor in the parties' settlement

8

negotiations, defendant is willing to produce their financial documents to the court for an *in camera* review upon request.

10. If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings, in this or any other litigation, or in any manner whatsoever.

11. Plaintiff submits that the principles set forth in *Pearson v. NBTY, Inc.*, 772 F.3d 778 (7th Cir. 2014), *Redman v. RadioShack Corp.*, 768 F.3d 622, (7th Cir. 2014) and *Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014) are not applicable to the terms of the proposed settlement. The award to the Class is distinct and separate from the attorneys' fees in this case. The FDCPA is a fee shifting statute and the fees being awarded to the class would not come from a class fund but rather by payment directly from Defendant, pursuant to the fee shifting provision of the FDCPA as set out in Section 1692k(a)(3). Thus, the size of the attorneys' fees award does not affect the award to the class, unlike cases such as *Pearson*, *Redman* and *Eubank* where payment of the attorneys' fees affected the total payment to the class.

12. Unlike *Pella*, 753 F.3d at 722, 723-724, there is no conflict of interest here between the named Plaintiff and the Class, for reasons including that the Plaintiff shares no prior professional, financial, personal, or familial relationship with Class Counsel. And unlike *Pella*, 753 F.3d at 724, there is no conflict of interest between Class Counsel and the Class. The Agreement does not provide for the payment of attorney's fees to Class Counsel prior to the notice being sent to the class. *Id*. In addition, unlike *RadioShack*, the instant settlement does not involve coupons. *RadioShack*, 768 F.3d at 635-637. Here, there is no difficulty valuing the settlement. The settlement contemplates statutory damages of $3,870.00, distributed equally to all

9

88 Class Members. Additionally, the class members shall receive an amount equivalent to the amount each paid to Defendant in the form of convenience fees.

13.     The Parties further submit that the class notice gives fair notice to the class, the terms of the settlement, and the ways in which Class Members can object to the settlement, thus satisfying the requirements of Fed.R.Civ.P.23, and of due process.

14.     <u>Schedule for Class Notice and Objections:</u>  The Parties request that the Court set the following schedule for the proposed Agreement:

    a.     Class Notice (<u>Exhibit 1</u> to <u>Appendix A</u>) is to be mailed within 35 days of entry of the Preliminary Approval Order;

    b.     Class members shall have until 45 days after the notices are mailed to opt out or object;

    c.     A final hearing on the fairness and reasonableness of the Agreement and whether the final approval shall be given to it and the requests for fees and expenses by counsel for the Class will be held before this Court on a date no earlier than (90) days after the date that notices are mailed.

15.     In the event that there is any conflict between any provision of this Motion and the Settlement Agreement between the Parties, the Parties intend for the Agreement to control, subject to Court approval.

WHEREFORE, the Parties respectfully request that the Court enter an order in the form of <u>Exhibit 2</u> to the Agreement, which (a) preliminarily approves this Agreement; (b) appoints Julie Blanchard as Class Representative and Edelman, Combs, Latturner & Goodwin, LLC as class counsel; (c) schedules a hearing for final approval of this Agreement; (d) approves <u>Exhibit 1</u> to the Agreement as notice to the Class and directs the mailing of the notice by First Class U.S. Mail to the last known address of the class members as shown on Defendant's records, (e) sets a date for Class Members to opt out and object, and (f) schedules a hearing for final approval under Fed. R. Civ. P. 23(c)(2).

Respectfully submitted,

| | |
|---|---|
| /s/ Isabella M. Janusz | /s/ James M. Brodzik |
| One of the attorneys for Julie Blanchard | One of the attorneys for Medical and Professional Collection Services, Inc. |

Daniel A. Edelman
Heather Kolbus
Isabella M. Janusz
Edelman, Combs, Latturner & Goodwin, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603
Phone: 312-739-4200
Fax: (312) 419-0379
dedelman@edcombs.com
hkolbus@edcombs.com
ijanusz@edcombs.com

James M. Brodzik
Hinshaw & Culbertson LLP
521 West Main Street, Suite 300
Belleville, IL 62222
Phone: 618-310-2325
Fax: 618-277-1144
JBrodzik@hinshawlaw.com

303091524v1 1004949

**CERTIFICATE OF SERVICE**

      I, Isabella M. Janusz, hereby certify that on January 18, 2019, I caused to be filed the foregoing document with the Clerk of the Court using the CM/ECF System which sent notification to all counsel of record

                                                               /s/ Isabella M. Janusz
                                                               Isabella M. Janusz

Daniel A. Edelman
Heather Kolbus
Isabella M. Janusz
Edelman, Combs, Latturner & Goodwin, LLC
20 South Clark Street, Suite 1500
Chicago, IL  60603
Telephone: 312-739-4200
Facsimile: (312) 419-0379
dedelman@edcombs.com
hkolbus@edcombs.com
ijanusz@edcombs.com

303091524v1 1004949