## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

JULIE BLANCHARD, on behalf of herself and ) 
all others similarly situated, )
)
                Plaintiff, )   Case No. 3:17-CV-01309-SMY-GCS
)
      vs. )
)
MEDICAL AND PROFESSIONAL )
COLLECTION SERVICES, INC., )
)
           Defendant. )

## PRELIMINARY APPROVAL ORDER

This matter is before the Court on Plaintiff's Joint Motion for Preliminary Approval of the

Class Settlement Agreement in the above-captioned matter ("Litigation"). The Parties have

submitted a Class Settlement Agreement ("Agreement") that the Court has reviewed, and the Court

finds that it is just and proper that the Agreement be preliminarily approved.

It is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1.     The Court has jurisdiction over the subject matter of the Litigation and, for

purposes of the Agreement only, has personal jurisdiction over the Plaintiff, the Class Members

and the Defendant.

2.     The settlement proposed has been negotiated in good faith at arm's length and is

preliminarily determined to be fair, reasonable, adequate and in the best interests of the Class

(defined below).

3.     For settlement purposes only, and in accordance with the Fed.R.Civ.P 23(b)(3),

this Litigation is preliminarily and conditionally certified as a class action on behalf of the

following class of consumers (hereinafter referred to as the "Class Members"):

(a) all individuals with addresses in Illinois (b) who paid a
"convenience fee" to Defendant (c) between December 5, 2014
through June 25, 2018.

The Court makes a preliminary finding that this action satisfies the applicable prerequisites

for class action treatment under Fed. R. Civ. P. 23(a) and (b). The Class as defined in the Settlement

Agreement is so numerous that joinder of all members is not practicable, there are questions of

law and fact common to the Class, the claims of the Class Representative are typical of the claims

of the Class, and the Class Representative will fairly and adequately protect the interests of the

Class. Questions of law and fact common to the members of the Class predominate over any

questions affecting only individual members, and a class action is superior to other available

methods for the fair and efficient adjudication of the controversy.

3.      For settlement purposes only, and in accordance with Fed. R. Civ. P. 23, the Court

preliminarily appoints the named-Plaintiff, Julie Blanchard, as the Class Representative, and

finds that she meets the requirements of Fed. R. Civ. P. 23. The Court also preliminarily appoints

counsel for Plaintiff, Edelman, Combs, Latturner & Goodwin, LLC, as Class Counsel. This Court

preliminarily finds that Class Counsel have, and will continue to, fairly and adequately represent

the interests of the Class Members. Plaintiff and Class Counsel, on behalf of the Class Members,

are authorized to take all appropriate action required or permitted to be taken by the Agreement

to effectuate its terms.

4.      For settlement purposes only, the Court preliminarily finds that settlement of the

Litigation, on the terms and conditions set forth in the Agreement, preliminarily appears in all

respects fair, reasonable, adequate and in the best interest of the Class Members and within the

range of possible approval, especially in light of the complexity, expense, and probable duration

of further litigation, the risk and delay inherent in possible appeals, and the limited amount of

any potential total recovery for the class. This finding is subject to further consideration at the Final Approval Hearing.

5.      The settlement administrator shall be Class-Settlement.com, 20 Max Avenue Hicksville, NY 11801, and shall administer the notice and Settlement.

6.      The settlement administrator will provide notification to Class Members via First Class U.S. Mail on or before March 25, 2019.  The costs and expenses for class administration will be split equally between Plaintiff and Defendant, separate and distinct from the Settlement Fund.  Defendant shall provide the settlement administrator with a class list within 14 days of the entry of this Order.

7.      The settlement administrator will be responsible for mailing the approved class action notice to the Class Members as outlined in the Agreement.

8.      Defendant's Counsel is permitted to obtain information governed by the Fair Credit Reporting Act for the sole purpose and to the extent necessary of locating current addresses of class members, under 15 U.S.C. § 1681b(a)(1).

9.      The Court approves the Parties' notice plan as set forth in the Agreement including the form and substance of the written class notice attached thereto as Exhibit 1 (the "Class Notice"). This Court finds the Parties' proposed notice plan as set forth in the Agreement, including the Class Notice, fully satisfies the requirements of due process, the Federal Rules of Civil Procedure 23(c)(2)(B) and any other applicable laws, and constitutes: (i) the best notice practicable under the circumstances and (ii) due and sufficient notice to all persons entitled thereto. Accordingly, this Court approves the form and content of the notice plan and Class Notice.

10. Defendant shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), no later than 14 days before the Final Approval Hearing.

11. Plaintiff's motion for an award of attorney's fees, costs, and expenses ("Fee Petition") must be filed no later than 35 days after entry of this Order.

12. Within 45 days of the entry of this Order, Defendant must file a declaration with the Court certifying that notice has been mailed by regular United States mail to the Settlement Class, as directed in this Order.

13. The Final Fairness Hearing will take place on July 10, 2019, at 10:00 a.m. before the Honorable Staci M. Yandle, or any judge sitting in her stead, U. S. Courthouse, 301 W. Main Street, Benton, Illinois to determine: whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate as to the Class Members and should be approved; whether Judgment, as provided for in the Agreement, should be entered; payments to Settlement Class Members, the amount of any fees and costs that may be awarded to Class Counsel, and the amount of any incentive award that may be awarded to Plaintiff Blanchard, as provided for in the Agreement, should be approved. The Court will also hear and consider any properly lodged objections at that time under the process set forth below.

14. Subject to final approval after the Final Approval Hearing, all Class Members who do not request exclusion ("opt-out") from the Settlement Class certified pursuant to Federal Rule of Civil Procedure 23(b)(3) shall be bound by all determinations and judgments in this Litigation concerning the Settlement, including, but not limited to, the validity, binding nature and effectiveness of the releases set forth in the Agreement. To be valid, a request for opt-out must be in writing and personally signed by the Class Member who seeks to be excluded and

sent to the Settlement Administrator, and it must include: (1) the name and address of the Class Member and (2) a statement to the effect that the Class Member wishes to be excluded from the Class. Opt-out requests must be postmarked to Class Counsel no later than May 28, 2019. Settlement Class Counsel shall file with the Court a list of the person seeking exclusion from the settlement by June 10, 2019.

15.     Any Class Member who does not timely opt-out of the Settlement may appear at the Final Approval Hearing to argue that the proposed Settlement should not be approved. All written objection papers must be mailed to the Clerk of the Court and served on Counsel for the parties, postmarked no later than May 28, 2019. To the extent necessary or desired, the Settling Parties may respond to any properly submitted objections no later than seven (7) days before the Final Approval Hearing. There shall be no replies from objectors.

16.     All papers in support of the Settlement Agreement shall be filed no later than June 10, 2019.  All proceedings in this Litigation are stayed pending final approval of the Settlement, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.

17.     This Court reserves the right to adjourn or continue the date of the Final Approval Hearing without further notice to the Settlement Class and may approve or modify the Settlement without further notice to the Settlement Class.

**IT IS SO ORDERED.**

**DATED: February 21, 2019**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**