IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JULIE BLANCHARD, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) Case No. 3:17-CV-01309-SMY-GCS |
| vs. | ) ) ) |
| MEDICAL AND PROFESSIONAL COLLECTION SERVICES, INC., | ) ) ) |
| Defendant. | ) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF**
**FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT AGREEMENT**

Plaintiff Julie Blanchard ("Plaintiff" or "Blanchard") on behalf of herself and all others similarly situated, by class counsel, Edelman, Combs, Latturner & Goodwin, LLC, pursuant to Fed. R. Civ. P. 23(b)(3), respectfully submits the following Memorandum in Support of Final Approval of the Class Action Settlement Agreement with Defendant Medical and Professional Collection Services, Inc. ("Defendant"). This Court preliminarily approved the Agreement on February 21, 2019. (*Dkt. No. 49*)

**CLASS NOTICE AND CLAIMS SUMMARY**

Following the Court's Order preliminarily approving the settlement in this matter, notice of the settlement was sent by U.S. Mail to the Settlement Class Members on March 25, 2019. The Settlement Class Administrator, Class-Settlement.com ("Class-Settlement.com"), sent the Class Notice and Claim Form by U.S. Mail to each of the total 87 Settlement Class Members identified by Defendant. Of the 87 Notices mailed, 8 were returned as undeliverable. Of those 8 Notices, 4 contained forwarding information, or new address information was successfully obtained via skip-

1

tracing, and those 4 Notices were re-mailed. Notice was therefore successfully sent to 83 of the 87 Settlement Class Members. There were 4 Class Members to whom notice was undeliverable.

In sum, the notice was successfully sent to 95.4% of the Settlement Class Members. (*See* Appendix A, Declaration of Dorothy Sue Merryman)

No objections have been filed or received by the Settlement Administrator or Class Counsel. There have been no requests to opt out of the settlement.

## I. OVERVIEW OF THE LITIGATION PRECEDING SETTLEMENT.

Plaintiff filed her complaint in this matter on December 5, 2017, alleging that Defendant engaged in unfair and misleading acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692f, and 1692f(1), as well as the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA"), and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), by charging an alleged unlawful convenience fee in the collection of consumer debts.

Thereafter, the parties undertook discovery which lead to extensive settlement discussions. Plaintiff and Defendant entered into the Settlement Agreement, reached at arm's length and in good faith.

As demonstrated below, the Settlement Agreement is now ripe for this Court's consideration and final approval.

## II. THE ADMINISTRATION OF THIS CLASS ACTION SETTLEMENT.

### A. The Preliminary Approval Order.

On February 21, 2019, this Court entered an order (the "Order") granting preliminary approval of the Settlement Agreement and certifying the following class for settlement purposes:

> (a) all individuals with addresses in Illinois (b) who paid a "convenience fee" to Defendant (c) between December 5, 2014 through June 25, 2018.

2

In the Order, the Court specifically found that the proposed terms of the Agreement satisfy all of the elements of Federal Rules of Civil Procedure 23(a) and 23(b)(3). The Order further established a procedural framework for the final approval of the Agreement. Specifically, the Order required that Notices of Settlement be sent to the Class Members; set deadlines and procedures for requests for exclusion, and objections to the Settlement; and set a July 10, 2019 final approval hearing.

### B.     The Class Notice.

On or about March 13, 2019, Defendant's counsel provided Class-Settlement.com, with the Class List, containing the names and addresses of 87 individuals who paid the convenience fee at issue in the Litigation. (Appendix A) Class-Settlement.com thereafter mailed the Class Notice and Claim Form to each individual on the Class List. All addresses were run through the National Change of Address database prior to being mailed.

Of the 87 Class Notices and Claim Forms sent by First Class U.S. Mail, 8 were returned by the U.S. Postal Service as undeliverable. Of the 8 returned, 4 contained forwarding address information or new address information was obtained through skip-tracing, and those 4 were re-mailed. The remaining 4 Notices were marked as undeliverable and were not re-mailed. A total of 83 Class Notices and Claim Forms were successfully sent by U.S. First Class Mail.

In sum, the notice was successfully sent to 95.4% of the Class Members.

No Class Members sought to opt-out or exclude themselves from the Settlement Class. There were no objections to the settlement.

### C.     The Value of the Agreement.

Plaintiff and Defendant entered into a Settlement Agreement that provides:

1.     As per the parties' Settlement Agreement, the Class Recovery provided by Defendant provides:

3

      a. A total of $4,416 for the Class Recovery to be apportioned as follows:

          i. $3,870 of the Class Recovery will be divided on a *pro rata* basis to each Class Member, including Plaintiff, who does not exclude themselves from the class;

          ii. $546 of the Class Recovery will be divided amongst Class Members, including Plaintiff, with each receiving an amount equal to the amount they paid Defendant in convenience fees between December 5, 2014 through June 25, 2018.

      b. In addition to the recovery in Part (a), $1,000.00 to Plaintiff for her role as class representative.

2. <u>Attorney's Fees and Costs</u>. Class Counsel requests attorney's fees and costs in the amount of $11,584.00, which is an amount separate and distinct from the Class Recovery. Class Counsel has separately filed a Fee Petition requesting attorney's fees and costs in the amount of $11,584.00. (*Dkt No. 50*)

3. <u>Unclaimed or Undistributed Settlement Funds</u>. If the Court allows the proposed payments set forth above, including the incentive award to Plaintiff, the only funds that would remain in the Settlement Fund are those that may result from Class Members' failure to timely negotiate their settlement checks. Additional *de minimis* funds may also remain in the Submitted Claim Fund following the payments set out in paragraph 1, above, that may not be equally divisible among the valid claimants. The parties intend, subject to Court approval, that all amounts resulting from uncashed checks or funds that could not otherwise be distributed, shall be distributed as a *cy pres* award to the Land of Lincoln Legal Assistance Foundation, Inc. The payment to the *cy pres* recipient will occur no earlier than 45 days following the last void date of the Class Members'

4

settlement checks.

"The usual recipient of *cy pres* money is a charity, and the money is supposed to be used, to the extent feasible, for the benefit of the victims of the defendant's wrongdoing." *S.E.C. v. Custable*, 15-1442, 2015 WL 4529304, at *3 (7th Cir. July 28, 2015) (internal citation omitted).

The Land of Lincoln Legal Assistance Foundation, Inc. is a 501(c)(3) non-profit organization. According to its website, www.lollaf.org, "We provide free civil legal services to low-income persons and senior citizens in 65 counties in central and southern Illinois… We believe all people of central and southern Illinois should have access to justice, income security, adequate housing, quality education, healthcare, safety from violence and exploitation, and the opportunity to improve their own lives." (See Appendix B, http://lollaf.org/who-we-are/) LOLLAF provides legal services on matters including housing, family law, consumer matters, public benefits and health, services for seniors and the disabled, and education.

### D. No Objections Were Received.

Neither Plaintiff's counsel nor counsel for Defendant received any objection to the proposed Settlement. No Class Members requested exclusion from the settlement. This should be viewed as an endorsement of the Agreement by the Settlement Class.

### E. Status of Compliance with CAFA.

As set forth in the Notification of Defendant's 28 U.S.C. §1715(b) Compliance, Defendant has ensured compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b). (*Dkt No. 43*). The necessary CAFA Notices have been provided to all necessary parties. *Id*. As of the filing of this motion, no objections have been received from any State Attorney Generals nor from the US Attorney General.

### III.     THE COURT SHOULD GRANT FINAL APPROVAL TO THE AGREEMENT

The Agreement satisfies all of the requirements of Rule 23 and should be approved.

#### A.     Rule 23(a)(1) - The Class Is So Numerous that Joinder of All Members Is Impracticable.

The Settlement Class consists of 87 individuals with Illinois addresses who paid a "convenience fee" to Defendant between December 5, 2014 through June 25, 2018. The United States Court of Appeals for the Seventh Circuit has recognized that as few as 40 class members are sufficient to satisfy the "numerosity" requirement of Rule 23(a)(1). *Swanson v. American Consumer Industries, Inc.*, 415 F.2d 1326, 1333 (7th Cir. 1969); *see also, Newberg on Class Actions*, 3rd ed. Sec. 3.05, pp. 3-25 ("The difficulty in joining as few as 40 class members should raise a presumption that joinder is impracticable, and the plaintiff whose class is that large or larger should meet the test of Rule 23(a)(1) on that fact alone."). The number of Settlement Class Members in this case plainly satisfies the numerosity requirement of Rule 23(a)(1).

#### B.     Rule 23(a)(2) - The Claims of The Class Arise from Common Questions of Law and Fact.

The "commonality" requirement of Rule 23(a)(2) is generally satisfied where the class members' claims arise from a common nucleus of operative fact. *Rosario v. Livaditis*, 963 F.2d 1013 (7th Cir. 1992). Rule 23(a)(2) requires only that the class members share at least one question of fact or law in common. *Kreuzfeld A.G. v. Carnehammer*, 138 F.R.D. 594, 599 (S.D.Fla. 1991) (the issue of commonality "turns on whether there exists at least one issue affecting all or a significant number of proposed class members").

In the present case, the claim arose from common questions, including:

(1)     Whether Defendant's engaged in a practice of charging convenience fees;

    (2)    Whether Defendant's charging of convenience fees is prohibited by Illinois law;

    (3)    Whether Defendant's charging of convenience fees violates the FDCPA;

    (4)    Whether Defendant's charging of convenience fees violates the ICAA;

    (5)    Whether Defendant's charging of convenience violates the ICFA.

These common questions satisfy Rule 23(a)(2).

    **C.**    **Rule 23(a)(3) - Named Plaintiff's Claims are Typical of the Claims of the Settlement Class Members.**

The "typicality" requirement of Rule 23(a)(3) may be satisfied for many of the same reasons as the "commonality" requirement of Rule 23(a)(3). *De La Fuente v. Stokley-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1993) ("A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory"); *see also Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984)(the typicality requirement is satisfied where the "claims or defenses of the class and the class representative arise from the same event or practice and are based upon the same legal theory").

In the present case, typicality is inherent in the class definition. By definition, the members of the class were subjected to the same practices as the plaintiff, and thus suffered the same alleged violation of the FDCPA, ICFA, and ICAA.

    **D.**    **Rule 23(a)(4) - Plaintiff and Class Counsel Have Fairly and Adequately Protected the Interests of The Class.**

The determination that the "representative parties will fairly and adequately protect the interests of the class" as required by Rule 23(a)(4) involves two considerations: (1) whether the Plaintiff's attorneys are properly qualified and experienced to conduct the litigation; and (2) whether the Plaintiff has any interests antagonistic to the class. *General Tel. Co. v. Falcon*, 102

7

S.Ct. 2364, 2370, n.13 (1982); *Retired Chicago Policy Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993).

As set forth in the Declaration of Daniel A. Edelman (Appendix C), Plaintiff's counsel is experienced in class action litigation. In addition, Plaintiff does not have any interest in conflict with the Settlement Class Members. Therefore, the named Plaintiff and Settlement Class Counsel satisfy the adequacy of representation requirement of Rule 23(a)(4).

### E. The Class Is Appropriate Pursuant to Rule 23(b)(3).

Class certification is appropriate under Rule 23(b)(3) where: (1) common questions of law or fact predominate over individual questions and where (2) a class action represents a superior method for the fair and efficient adjudication of the controversy. Because the claims at issue address the alleged practice of Defendant of charging and unlawful, unauthorized convenience fee in connection with its collection of consumer debts, there are no individual issues and common questions predominate. A class action presents a superior method to fairly and efficiently adjudicate all claims of the Class in this case, within the meaning of Rule 23(b)(3). The Agreement provides Settlement Class Members with an opportunity to obtain a portion of the statutory damages provided for by the FDCPA, as well as actual damages for the amount they paid to Defendant in convenience fees, without the filing of numerous individual and identical lawsuits.

### F. Plaintiff Has Met the Standard for Granting Final Approval to the Class Action Settlement.

In *Amchem Productions, Inc. v. Windsor*, 521 U.S. 591 (1997), the United States Supreme Court explained that, before approving a class action settlement, the District Court must first be satisfied that the elements of Rule 23(a) and 23(b) have been met. *Id.* at 621, 117 S.Ct. at 2248. Once the Court has determined that the requirements of Rule 23(a) and 23(b) have been met, the Court must then determine whether Rule 23(e) has been satisfied by determining whether the

settlement is fair, reasonable, and adequate. *General Electric Capital Corporation v. Lease Resolution Corp.*, 128 F.3d 1074, 1082 (7th Cir. 1997). The Court should weigh the following six factors in making this determination:

1. The strength of the plaintiff's case on the merits measured against the terms of the settlement;
2. The complexity, length, and expense of continued litigation;
3. The amount of opposition to the settlement among class members;
4. The presence of collusion in gaining a settlement;
5. The stage of the proceedings; and
6. The amount of discovery completed.

*Id*. (citing *Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 308 (7th Cir. 1985)).

The proposed Class Settlement in this case satisfies each of the factors outlined in *GE Capital*. Plaintiff believes that she had a strong chance of prevailing if this case had gone to trial. Plaintiff argued that Defendant, in the course of attempting to collect a consumer debt, charged her a convenience fee of $2.00 when she made a payment on the alleged debt through Defendant's website. Plaintiff further alleged that this fee was not permitted by Illinois law, and that the fee was not provided for in the underlying agreement giving rise to her alleged debt. Plaintiff also alleged that Defendant charged the same fee to a class of Illinois individuals who also had not authorized the fee in any underlying agreement, and that Defendant did not have a policy of checking whether an agreement authorizing such a fee existed before imposing the fee. Defendant disputes Plaintiff's claims and believes it has strong defenses to Plaintiff's claims and to class certification. Nevertheless, the parties have reached a compromise wherein members of the Class who do not timely and validly opt out or object will recover a *pro rata* share of statutory damages, as well as the full amount of what each Settlement Class Member paid to

Defendant as a convenience fee. The arguable strength of the Class's claims compare favorably to the terms of the settlement, satisfying the first of the *GE Capital* factors.

In addition, the proposed Settlement is warranted by the complexity, length, uncertainty and expense of continued litigation, satisfying the second *GE Capital* factor. The FDCPA limits the amount a class can recover to the lesser of 1% of the Defendant's net worth or $500,000. 15 U.S.C. § 1692k(a)(B). Here, 1% of Defendant's net worth is less than the $4,416.00 Class Recovery, which includes the Settlement Class Members' actual damages. Continued litigation would not result in a greater recovery for the class, who will be fairly compensated based on the amount of damages recoverable. The proposed Settlement easily satisfies the third *GE Capital* factor because none of the Settlement Class Members have elected to exclude themselves from the proposed Settlement and none of the Settlement Class Members objected to the proposed Settlement. There is no evidence of any collusion among the parties in reaching the proposed Settlement. Each Settlement Class Member who was able to receive the Notice will receive a recovery of approximately $46.63 in statutory damages, as well as the additional recovery they will receive in the amount they paid Defendant as actual damages. The above-described payment amounts to Plaintiff and Class Counsel compare favorably to the direct benefits to the Settlement Class, thereby satisfying the fourth *GE Capital* factor.

Finally, the fifth and sixth *GE Capital* factors also support the final approval of the proposed Settlement in light of the stage of pre-trial proceedings and the discovery completed to date. The parties engaged in written discovery, reviewed answers and documentation produced in that discovery, and engaged in significant negotiations, in an attempt to resolve this case. *Schulte v. Fifth Third Bank*, 805 F.Supp.2d 560 (N.D. Ill. 2011) (the pertinent inquiry is not whether formal discovery has occurred but rather what facts and information have been provided). Given the stage

of proceedings, the investigation and the discovery completed, the proposed Settlement satisfies the fifth and sixth *GE Capital* factors.

## V.     CONCLUSION.

For all of the reasons set forth above, Plaintiff individually, and as representative of the Settlement Class of similarly situated persons, by Class Counsel, requests this Court grant final approval of the Agreement and enter an order in the form attached as Appendix D.

                                              Respectfully submitted,

                                              /s/ Isabella M. Janusz
                                              Isabella M. Janusz

Daniel A. Edelman
Heather Kolbus
Isabella M. Janusz
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

## **CERTIFICATE OF SERVICE**

       I, Isabella M. Janusz, certify that on June 10, 2019, I caused a true and accurate copy of the foregoing document to be filed via the court's CM/ECF system which caused notice via email to be sent to the following:

James M. Brodzik
Hinshaw & Culbertson LLP
521 West Main Street, Suite 300
Belleville, IL 62222
Phone: 618-310-2325
JBrodzik@hinshawlaw.com

                                                    s/ Isabella M. Janusz
                                                    Isabella M. Janusz

Daniel A. Edelman
Heather Kolbus
Isabella M. Janusz
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)